**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IVAN RIVERA JUAREZ,

        Petitioner,

    v.

LEONARD ODDO, Facility Administrator/
Warden of the Moshannon Valley Ice Detention
Center in Pennsylvania MARKWAYNE
MULLIN, Secretary of the U.S. Department of
Homeland Security, AND TODD BLANCHE,
Acting Attorney General of the United States,
in their official capacities,

        Respondents.

3:26cv0718
ELECTRONICALLY FILED

**MEMORANDUM ORDER RE: PETITIONER IVAN RIVERA JUAREZ'S
28 U.S.C. § 2241 HABEAS PETITION (Doc. 2)**

Pending is Petitioner Ivan Rivera Juarez's habeas petition brought pursuant to 28 U.S.C.

§ 2241 ("Section 2241").  (Doc. 2).  By way of Petitioner's habeas petition, Petitioner

"challenges his immigration detention as unlawful and unconstitutional due to violations of the

Immigration and Nationality Act ('INA') under 8 U.S.C. § 1225(b)(2)(A) and 8 U.S.C.

§ 1226(a); Federal Regulations under 8 C.F.R. §§ 1003.19, 1236.1; and the Fifth Amendment of

the U.S. Constitution."  (*Id.* at ¶ 4).

In support thereof, Plaintiff contends: "The release of Petitioner is not reasonably

foreseeable. Absent an order from this Court, Petitioner will continue being detained

indefinitely."  (*Id.*).

As relief:

Petitioner asks this Court to find that Respondent is violating Petitioner's statutory,
regulatory, and constitutional rights and order Respondents to immediately release

Petitioner. In the alternative, Petitioner requests for this Honorable Court to find that the Elizabeth Immigration Court/the Executive Office for Immigration Review ('EOIR') does have jurisdiction over this matter and order a full bond hearing under 8 U.S.C. § 1226(a). To vindicate Petitioner's statutory, regulatory and constitutional rights, this Court should grant the instant petition for a Writ of Habeas Corpus.

(*Id.* at ¶ 5).

The Government opposes Petitioner's habeas petition on the basis that Petitioner is

subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A):[1]

The government confirms that this is a *Hurtado/Q-Li* case and reaffirms its position that the Petitioner is subject to mandatory detention under § 1225(b) and that he is not eligible for a discretionary detention hearing before an immigration judge under § 1226(a), for the reasons set forth in its briefs in *Calzado Diaz v. Noem*, No. 3:25-cv-458, Dkt. No. 12 (W.D. Pa. Dec. 9, 2025) and *Reyes Solis v. Oddo*, No. 3:25-cv-504, Dkt. No. 11 (W.D. Pa. Dec. 22, 2025), as well as the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

(Doc. 8 at 2).

## I.    Jurisdiction

As explained by the district court in *Calzado Diaz v. Noem*, No. 3:25-CV-00458, 2025

WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.):

"The Supreme Court has held that § 2241 confers jurisdiction upon the federal district courts to consider cases challenging the detention of aliens during removal proceedings." *Bystron v. Hoover*, 456 F. Supp. 3d 635, 640 (M.D. Pa. 2020) (citing *Demore v. Kim,* 538 U.S. 510 (2003*); Zadvydas v. Davis*, 533 U.S. 678 (2001)). Thus, "a habeas petition under § 2241 is the proper vehicle for an inmate to challenge 'the fact or length of confinement,' *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973), or the 'execution' of his confinement." *Bystron*, 456 F. Supp. at 640 (quoting *Woodall v. Fed BOP*, 432 F.3d 235, 241–42 (3d Cir. 2005)). Indeed, a district court "may issue a writ of habeas corpus when a petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Id*. (internal

---

[1] Notably, the Government is not contending that Petitioner is being detained subject to a final removal order or because Petitioner is a "criminal alien" as that term is used in 8 U.S.C. § 1226(c) ("Section 1226(c)"). (*Id*. at ¶¶ 2, 28; Doc. 8 *en toto*).  Individuals who fall within these two categories are subject to mandatory detention under 8 U.S.C. § 1231 and 8 U.S.C. § 1226(c)(2).

quotation marks and citation omitted); 28 U.S.C. § 2241(c)(3).

*Calzado Diaz*, 2025 WL 3628480, at *3.

## II.    Exhaustion of Administrative Remedies

Petitioner acknowledges that "[a]n appeal of the IJ's denial over EOIR's jurisdiction of

bond under 8 U.S.C. § 1226(a) has not been taken" by Petitioner.  (Doc. 2. at ¶ 12).  Petitioner

asserts, however, and this Court agrees, that it would be futile for Petitioner to do so since "[t]he

Immigration Judge based his decision on *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025), or in the

alternative on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which are still

controlling for the Executive Office for Immigration Review."  (*Id.*).

## III.    Merits Analysis of Petitioner's Habeas Petition

### A.  *Petitioner's Detention is Governed by 8 U.S.C. § 1226(a) and thus, Petitioner is entitled to an individualized bond hearing*

Turning to the merits of Petitioner's habeas petition and whether Petitioner is entitled to

an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) ("Section 1226(a)"),[2] as asserted

---

[2] 8 U.S.C. § 1226(a) states:

(a)  Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

(1) may continue to detain the arrested alien; and
(2) may release the alien on—

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole; but

(3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

*Id.*

3

by Petitioner, or is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A)

("Section 1225(b)(2)(A)"),[3] as contended by the Government, the following relevant facts are

undisputed for purposes of deciding Petitioner's pending habeas petition.  One, Petitioner is a

native and citizen of Guatemala.  Two, in October, 2023, at the age of 16, Petitioner attempted to

enter the United States of America ("U.S.") at the U.S.-Mexico border without a visa, and was

immediately detained by immigration officials upon his entry into the U.S.  Three, in November,

2023, Petitioner, who was deemed to be an Unaccompanied Minor Child and temporarily placed

under the custody of the Department of Health and Human Services, was released to his lawful

permanent resident brother, and started residing in the State of Maryland.  Four, on March 20,

2026, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") while

---

[3] 8 U.S.C. § 1225(b)(2)(A) states:

(b) Inspection of applicants for admission

. . .

(2) Inspection of other aliens

(A)  In general

Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

(B)  Exception

Subparagraph (A) shall not apply to an alien—

(i) who is a crewman,
(ii) to whom paragraph (1) applies, or
(iii) who is a stowaway.

(C) Treatment of aliens arriving from contiguous territory

In the case of an alien described in subparagraph (A) who is arriving on land (whether or not at a designated port of arrival) from a foreign territory contiguous to the United States, the Attorney General may return the alien to that territory pending a proceeding under section 1229a of this title.

*Id.*

4

working in the State of West Virginia.  Five, Petitioner is being detained at the direction of the

Department of Homeland Security  ("DHS"), with pending removal proceedings at the Elizabeth

Immigration Court.  Six, Petitioner does not have a criminal history.

In determining whether Petitioner is entitled to an individualized bond hearing pursuant

to Section 1226(a) or is subject to mandatory detention pursuant to Section 1225(b)(2)(A), the

Court is mindful that: (1) the vast majority of federal district courts who have addressed this

issue with respect to similarly situated noncitizens, including this Court's esteemed colleagues,[4]

---

[4] *See*, for example, *Sidahmed Ewah v. Oddo et al.*, Civ. No. 26-41, 2026 WL 1077694, at *1 (W.D. Pa. Apr. 21, 2026) (Conti, J.) (explaining: "The Court of Appeals for the Third Circuit has not addressed this issue. The court joins the other judges of this district court in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. the court is aware of the contrary decisions reached by the United States Court of Appeals for the Fifth Circuit *in Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi*, -- F.4th --, 2026 WL 819258 (8th Cir. March 25, 2026). Petitioner's detention is governed by § 1226(a) and the court concludes that he has a statutory right to an individualized bond hearing."); *Lopez Espinola v. Bondi et al.*, Civ. No. 3:26-449, Doc. 13 at 1-2 (W.D. Pa. Mar. 17, 2026) (Stickman, J.) determining: "Section 1226 applies to aliens who are 'already present in the United States[,]' *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D. N.J. Oct. 22, 2025). The Court joins the overwhelming majority of district courts in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. The Court disagrees with the decisions of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit in *Avila v. Bondi*, -- F.4th --, 2026 WL 819258 (8th Cir. March 25, 2026). Petitioner's detention is governed by § 1226(a), and the Court holds that he has a statutory right to an individualized bond hearing."); *Villagrez v. Bondi, et al.*, No. 26-72, 2026 WL 545380, at *1-2 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.) (explaining: "Over the last several months, many courts have engaged in an interpretation of Section 1225(b)(2), and the majority view that has developed is that this statute only applies to essentially aliens who are detained at the border, not those, like Petitioner here, who have been residing in the country for some time" and thereafter, adopting the majority view); *Padilla Ventura v. Rose et al.*, 3:26-cv-65, Doc. 13 (text order) (W.D. Pa., Feb. 3, 2026) (Wiegand, J.) (determining with respect to a petitioner, a native and citizen of El Salvador who entered the United States approximately fourteen years ago at an unknown location, was taken into ICE custody following a traffic stop, and asserted that he is subject to discretionary detention pursuant to § 1226(a) and not mandatory detention under § 1225(b)(2) such that he is entitled to a bond hearing: "The Court agrees. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). This Court joins the overwhelming majority of District Courts to hold that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the Country. *See Singh v. Oddo*, No. 3:25-cv-00429, 2026 WL 73789, *4 (W.D. Pa. Jan. 9, 2026) (noting 'growing consensus'). Here, Petitioner's detention is governed by 1226(a) and he therefore has a statutory right to a bond hearing."); *Calzado Diaz*, 2025 WL 3628480, at *7 (Haines, J.) (holding, with respect to a petitioner who had been present in the United States for more than three years and was detained in Philadelphia, Pennsylvania, "which is quite some distance from a border, a port of entry, or the like," that § 1226(a) governed his detention, not § 1225(b)(2), because "based on the Supreme Court's language in Jennings and the wording of §§ 1225 and 1226,

have concluded that such noncitizens are subject to discretionary detention pursuant to Section 1226(a), and not mandatory detention pursuant to Section 1225(b)(2)(A); and (2) there a split within the United States Courts of Appeals on this issue.

Specifically, the United States Court of Appeals for the Fifth Circuit and the United States Court of Appeals for the Eighth Circuit have ruled that noncitizens, like Petitioner, who are detained for allegedly entering the United States illegally after having resided in the interior of the United States for a number of years, are subject to mandatory detention pursuant to Section 1225(b)(2)(A), whereas the United States Court of Appeals for the Second Circuit has held that: "Section 1226(a) plainly applies to noncitizens, like Petitioner, who are present in the United States, but charged as inadmissible for entering the country without inspection and admission," whereas Section 1225(b)(2) "applies only to (1) noncitizens who are present and have not been admitted, and (2) are requesting (3) lawful entry into the United States after inspection and authorization." *See Buenrostro-Mendez v. Bondi et. al*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, -- F.4th -- (8th Cir. Mar. 25, 2026); *Cunha v. Freden*, No. 25-3141, -- F.4th --, 2026 WL 1146044, at \*6 (2d Cir. Apr. 28, 2026). *See also Castanon-Nava v. U.S. Dep't. of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) (concluding with respect to Defendants' motion for a stay pending appeal: "[G]iven the factual record before us, we conclude that Defendants are not likely to succeed on the merits of their argument that those individuals, whom ICE arrested in Chicago without a warrant, are subject to mandatory detention under § 1225(b)(2)(A)," explaining "while a noncitizen arrested in the Midwest might qualify as 'an alien present in the United States who had not been admitted,' § 1225(a)(1), the mandatory

---

the Court finds that § 1225 is tethered more closely to the border and § 1226 applies more readily to the interior of the country.").

detention provision upon which Defendants rely, limits its scope to an 'applicant for admission' who is 'seeking admission,' § 1225(b)(2)(A).")

Having carefully considered this statutory issue, the Court finds that noncitizens like Petitioner, who have resided in the U.S. for a number of years at the time they are detained in the interior of the U.S., are subject to discretionary detention pursuant to Section 1226(a), and not mandatory detention pursuant to Section 1225(b)(2)(A), because Section 1226 governs the detention of noncitizens who are "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), and thus, who are not presently "seeking admission" into the United States.

Accordingly, because Petitioner's current detention is governed by Section 1226(a) and thus, Petitioner has a statutory right to an individualized bond hearing,[5] Petitioner's Section 2241 habeas petition shall be granted and the **WRIT SHALL ISSUE**, on these terms:

1.  Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing to occur within **30 days** of this order, or else release Petitioner by such date.

2.  Respondents shall ensure that such a hearing include the required due process, *i.e.*, at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

3.  Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing.

---

[5] Petitioner has raised additional claims in his Section 2241 habeas petition which the Court has not analyzed. In light of its determination that Petitioner is entitled to an individualized bond hearing pursuant to Section 1226(a), analysis of these additional claims is not necessary.

B. *Petitioner's Request for Attorney's Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), is Denied*

Petitioner requests attorney's fees be awarded to him pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. 2 at 15).

It is well established that under the EAJA, a court may award fees and expenses to a prevailing party against the United States, unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

Here, the Government's position with respect to Petitioner's habeas petition was substantially justified.  *See Buenrostro-Mendez*, *supra*.; *Avila*, *supra*.  Accordingly, the Court finds that attorney's fees shall not be awarded to Petitioner pursuant to the EAJA.

A Judgment Order will be issued forthwith.

The Clerk of Court shall administratively close this case.

SO ORDERED this 30th day of April, 2026,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  ECF Counsel of Record

8