## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IVAN RIVERA JUAREZ,

      Petitioner,                         3:26cv0718
                                         ELECTRONICALLY FILED

      v.

FACILITY ADMINISTRAT LEONARD
ODDO, Secretary MARKWAYNE MULLIN,
ATTORNEY GENERAL TODD BLANCHE,

      Respondents.

### MEMORANDUM ORDER DENYING PETITIONER IVAN RIVERA JUAREZ'S MOTION REQUESTING RULING ON PENDING MOTIONS  (DOC. 27)

Pending is Petitioner Ivan Rivera Juarez's Motion Requesting Ruling on Pending Motions.  (Doc. 27).   By way of this Motion, Petitioner seeks an immediate ruling on Petitioner's Emergency Motion for Issuance of Order to Show Cause/Motion to Enforce (Doc. 12) and Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b) and to Adjudicate Unresolved Constitutional Claims (Doc. 21).

On April 30, 2026, in a Memorandum Order, this Court granted Petitioner's habeas petition (Doc. 2), determining that Petitioner's current detention was governed by 8 U.S.C. § 1226(a) and ordering that Petitioner receive an individualized bond hearing before an immigration judge ("IJ") within thirty (30) days of April 30, 2026, that comported with due process.  (Doc. 10).

In granting Petitioner's habeas petition, the Court noted: "Petitioner has raised additional claims in his Section 2241 habeas petition which the Court has not analyzed. In light of its determination that Petitioner is entitled to an individualized bond hearing pursuant to Section 1226(a), analysis of these additional claims is not necessary."  (*Id.* at 7, n. 5).

It is undisputed that on May 12, 2026, Petitioner was provided with an individualized bond hearing before an IJ, who denied Petitioner's request for bond.

Thereafter: (1) on May 27, 2026, Petitioner filed an Emergency Motion for Issuance of Order to Show Cause/Motion to Enforce, without a proposed Order attached, *see* LCvR 7(D) ("All motions shall be accompanied by a proposed order of Court"), which raised at least one legal issue that had not been raised in the initial habeas petition (Petitioner's claim that he is not receiving adequate medical care during detention) (Doc. 12); (2) on June 4, 2026, Petitioner filed a Memorandum in Support of Motion to Enforce/Motion to Show Cause (Doc. 18); (3) on June 5, 2026, Petitioner filed a Reply to Respondents' Supplemental Response Regarding Medical Care and Clarification of Relief Requested (Doc. 20); (4) also on June 5, 2026, Petitioner filed a second motion, a Motion for Relief from Judgment Pursuant to Rule 60(b) and to Adjudicate Unresolved Constitutional Claims, again without a proposed Order attached, *see* LCvR 7(D) (Doc. 21); (5) on June 10, 2026, Petitioner filed a proposed order with respect to his June 5, 2026 Motion (Doc. 23); (6) on June 24, 2026, Petitioner filed a Memorandum in Support of Motion for Relief From Judgement (Doc. 26); (7) on July 6, 2026, Petitioner filed a third Motion, Petitioner's Motion Requesting Ruling on Pending Motions, with an attached proposed order (Doc. 27); and (8) in response to this Court's July 6, 2026 Order, wherein it scheduled oral argument as to all three (3) of Petitioner's pending motions (Doc. 29), on July 10, 2026, Petitioner filed a [35] Motion to Withdraw Request for Oral Argument, in which Petitioner asserted "that the pending motions are fully briefed and ripe for adjudication" while at the same time, substantively "address[ing] an argument that the Respondent's (sic.) raised in their Response to Petitioner's Motion Requesting Ruling on Pending Motions (ECF No. 34)" (Doc. 35).

Petitioner's case is not the only alien detainee habeas matter which has been pending before this Court between May 27, 2026 and July 10, 2026.  During that time period, the Court has had approximately nineteen (19) other alien habeas cases pending before it.

In light of Petitioner's "piecemeal" approach to adjudicating his case post-bond hearing, which currently requires this Court to review numerous substantive filings from Petitioner  and Respondents relative to Petitioner's Emergency Motion for Issuance of Order to Show Cause/Motion to Enforce and Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b) and to Adjudicate Unresolved Constitutional Claims, and to adjudicate at least one claim which was not originally asserted in Petitioner's habeas petition (Petitioner's inadequate medical care claim), but raised as part of Petitioner's post-bond hearing Emergency Motion for Issuance of Order to Show Cause/Motion to Enforce (Petitioner's claim that he is not being provided adequate medical care), the Court finds that it would be unfair to the numerous other alien detainees who are waiting for their habeas petitions to be adjudicated by this Court for it to allow Petitioner to jump to the front of the queue.  Accordingly, Petitioner's Motion Requesting Ruling on Pending Motions (Doc. 27) is DENIED.[1]

SO ORDERED this 14th day of July, 2026.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  ECF Counsel of Record

---

[1] Notwithstanding the denial of Petitioner's pending motion, which seeks immediate review of Petitioner's two (2) other pending motions, the Court will, as it does with all cases on its docket, adjudicate Petitioner's motions as expeditiously as possible.