IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IVAN RIVERA JUAREZ,

        Petitioner,

    v.

FACILITY ADMINISTRATOR LEONARD
ODDO, Secretary MARKWAYNE MULLIN,
ATTORNEY GENERAL TODD BLANCHE,

        Respondents.

3:26cv0718
ELECTRONICALLY FILED

**MEMORANDUM ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE/MOTION TO ENFORCE (Doc. 12), GRANTING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) AND TO ADJUDICATE UNRESOLVED CONSTITUTIONAL CLAIMS (DOC. 21), AND DENYING AS MOOT PETITIONER'S MOTION <u>REQUESTING RULING ON PENDING MOTIONS (Doc. 39)</u>**

Pending before the Court is: (1) Petitioner's Emergency Motion for Issuance of Order to Show Cause/Motion to Enforce ("Petitioner's Motion to Enforce") (Doc. 12); (2) Motion for Relief from Judgment Pursuant to Rule 60(b) and to Adjudicate Unresolved Constitutional Claims ("Petitioner's Rule 60(b) Motion") (Doc. 21); and (3) Petitioner's Motion Requesting Ruling on Pending Motions.  (Doc. 39).

### I.      RELEVANT BACKGROUND[1]

On April 20, 2026, Petitioner filed a counseled Petition for Writ of Habeas Corpus. (Doc. 2).

On April 30, 2026, the Court granted Petitioner's habeas petition as follows:

Accordingly, because Petitioner's current detention is governed by Section 1226(a) and thus, Petitioner has a statutory right to an individualized bond hearing,

---

[1] Petitioner has filed a number of additional motions, which this Court has ruled on, that are not relevant to the pending motions.

> Petitioner's Section 2241 habeas petition shall be granted and the WRIT SHALL ISSUE, on these terms:
>
> 1. Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing to occur within 30 days of this order, or else release Petitioner by such date.
>
> 2. Respondents shall ensure that such a hearing include the required due process, i.e., at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. See Ghanem v. Warden Essex Cnty. Corr. Facility, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).
>
> 3. Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing.

(Doc. 10 at 7).  The Court further determined: "Here, the Government's position with respect to Petitioner's habeas petition was substantially justified. *See Buenrostro-Mendez, supra.; Avila, supra*. Accordingly, the Court finds that attorney's fees shall not be awarded to Petitioner pursuant to the EAJA."  (*Id*. at 8).

Finally, the Court noted: "Petitioner has raised additional claims in his Section 2241 habeas petition which the Court has not analyzed. In light of its determination that Petitioner is entitled to an individualized bond hearing pursuant to Section 1226(a) analysis of these additional claims is not necessary."  (*Id.* at 7, n. 5).

On May 12, 2026, as ordered by this Court, a bond hearing was held by an Immigration Judge ("IJ").  (Doc. 10-2).

At the conclusion of the hearing, the IJ denied Petitioner's request for release from detention, concluding: ultimately I do not believe that as a matter of law you have met your burden of proving that you are not a flight risk."  (Doc. 10-2 at 7).

2

On May 27, 2026, Petitioner filed his Emergency Motion for Issuance of Order to Show Cause/Motion to Enforce.  (Doc. 12).

On June 1, 2026, Respondents filed their Response in opposition to Petitioner's Emergency Motion for Issuance of Order to Show Cause/Motion to Enforce.  (Doc. 14).

On June 4, 2026, Petitioner filed a Memorandum in support of his Motion to Enforce/Motion to Show Cause.  (Doc. 18).

On June 5, 2026, Respondents filed a Supplemental Response to Petitioner's Motion to Enforce.  (Doc. 19).

That same day, June 5, 2026, Petitioner filed a Reply to Respondents' Supplemental Response (Doc. 20) and his Rule 60(b) Motion (Doc. 21).

On June 22, 2026, Respondents filed their Response to Petitioner's Rule 60(b) Motion. (Doc. 25).

On June 24, 2026, Petitioner filed a Memorandum in support of his Rule 60(b) Motion/reply to Respondents' Response.  (Doc. 26).

On August 5, 2026, Petitioner filed a Motion Requesting Ruling on Pending Motions. (Doc. 39).

Accordingly, Petitioner's Motion to Enforce (Doc. 12), Rule 60(b) Motion (Doc. 21), and Motion Requesting Ruling on Pending Motions (Doc. 39) have been fully briefed and are ripe for adjudication.

## II.    DISCUSSION

### A.  Petitioner's Motion to Enforce is Denied

In support of his Motion to Enforce, Petitioner first asserts:

1. Pursuant to 28 U.S.C. § 2243, Petitioner respectfully requests that the Court issue

an order requiring Respondents to show cause as to why the remaining claims of the Petition for Writ of Habeas Corpus, should not be granted and why the Court should not order that Respondents are enjoined from re-detaining Petitioner in Immigration and Customs Enforcement ("ICE") custody. See ECF No. 1.

2. In his Petition for Writ of Habeas Corpus, Petitioner challenges the legality of his arrest and continued detention, including the Department of Homeland Security's failure to obtain or execute a warrant as required by 8 U.S.C. § 1226(a), and the absence of any individualized custody determination consistent with the Immigration and Nationality Act and the Due Process Clause. Additionally, Petitioner's subsequent constitutionally deficient bond hearing cannot cure the government's violations, especially here, where the government failed at every opportunity to follow the law. Here, Petitioner is not seeking review of the IJ's decision, but making a constitutional challenge in nature, which is precisely the type of claim that belongs in federal court.

(*Id.* at 1-2) (footnotes omitted).  (*See also id.* at 7 (arguing: "Where, as here, the record reflects detention that is both unlawful from its inception and sustained through agency action not in accordance with law, habeas relief is warranted.").

Further:

Petitioner requests an immediate hearing and release due to emergent medical problems that Petitioner is currently facing while in detention. Petitioner recently informed Counsel's office that he is suffering from what appears to be an infection in his mouth. Despite the Respondents' awareness of Petitioner's condition, Petitioner has informed Counsel that Respondents are refusing to provide medical attention. This condition is affecting his ability to eat. Petitioner's immediate release is critical so that his medical condition can be properly assessed and so that he obtains the necessary medical treatment, which Respondents are refusing to provide while he is in their custody.

(*Id*. at 7).

As relief, Petitioner seeks:

16. Petitioner therefore respectfully requests that the Court order Respondents to show cause why the writ should not issue and grant such further relief as justice requires, specifically immediate release, and/or an order enjoining and restraining Respondents from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

17. Petitioner therefore respectfully requests that the Court enforces its order and:

a. Preliminary order the Respondents to provide immediate medical care to Petitioner during the pendency of this matter;

b. Find that the bond hearing did not comply with this Court's order requiring a hearing that satisfies the requirements of procedural due process;

c. Exercise its equitable authority to order Petitioner's immediate release, on such conditions as this Court deems appropriate, given the IJ's failure to conduct a constitutionally adequate hearing despite having been afforded the opportunity to do so;

d. In the alternative, conduct its own bail hearing to determine the conditions of Petitioner's release;

e. That given the continuous violations of the law and the U.S. Constitution by Respondents, the Petitioner request for this Honorable Court to reconsider its decision regarding Attorney's fees and Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law.

And,

f. Grant such other and further relief as this Court deems just and proper.

(*Id*. at 8-9).

Respondents oppose Petitioner's Motion to Enforce for the following reasons:

In its initial Response, Respondents assert:

First, Petitioner's arguments regarding the outcome of the bond hearing are brought properly to the BIA. *See, e.g., Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *1 (3d Cir. Feb. 25, 2022) (considering petitioner's allegations that bond hearing failed to provide due process after petitioner exhausted his appeal to the BIA). Here, Petitioner reserved his right to appeal to the BIA, and this Court should allow that established process to be completed. See ECF No. 12-4 at 3.

Second, Petitioner has not shown that his bond hearing was fundamentally unfair, in violation of due process requirements.

(Doc. 14 at 2).

Third, with respect to Petitioner's inadequate medical care claim, Respondents argue that Petitioner's claim sounds as a deliberate indifference to medical care claim, which can only be brought as part of a Section 2241 habeas petition in the extreme case where a petitioner is able to show authorities were deliberately indifferent to a petitioner's medical needs, said deliberate indifference shown by establishing that "the Government knew of and disregarded an excessive risk to their health and safety. (*Id.* at 3-4) (quoting *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 329 (3d Cir. 2020). Here, Respondents continue, the facts do not support that Petitioner has brought any issues regarding his mouth to the attention of MVPC medical staff since March 2026, when a cavity was fixed and thus, "[t]here is no evidence in the record establishing that ICE was aware of and disregarded such a risk." (*Id.*).

Fourth, Respondents contend: "Petitioner's renewed request for attorney's fees pursuant to the Equal Access to Justice Act ('EAJA'), 28 U.S.C. § 2412(d) should again be denied. As this Court notes, there is a circuit split, and the Court of Appeals for the Third Circuit has not addressed this issue. Thus, the government's position remains substantially justified." (*Id.* at 4) (citations omitted).

In its Supplemental Response, Respondents reiterate their position that Petitioner's inadequate medical care claim fails on the merits because: (1) there is no evidence of Record that supports that Petitioner alerted anyone at MVPC to a medical need; (2) when Petitioner was taken to sick call at MVPC, he failed to raise any concerns when first questioned, and only indicated that he had been suffering from throat pain for three (3) weeks when a nurse inquired further; and (4) the nurse and a physician assistant evaluated Petitioner, noted that his throat appeared normal, and prescribed a treatment plan to address his newly articulated concerns.

6

(Doc 19 at 3).  Attached to Respondents' Supplemental Response are documents that support each of these factual assertions.  (*See* Doc. 19-1, Doc. 19-2, Doc. 19-3).

In his Reply Brief, counsel for Petitioner explained that a lack of medical care issue was included in Petitioner's Motion to Enforce based on: (1) Petitioner informing counsel that he had been suffering from a throat and/or mouth infection and had not received medical care for his medical issue; and (2) counsel unsuccessfully reaching out to MVPC with respect to what Petitioner had told counsel about his medical issue and not receiving any care for it.  (Doc. 20 at 1-2).  Petitioner then reiterated his arguments in support of his Motion to Enforce.  (*Id.* at 3-4).

After careful consideration of the parties' submissions with respect to Petitioner's Motion to Enforce, including the transcript from Petitioner's bond hearing held on May 12, 2026, the Court finds that Petitioner's Motion to Enforce is denied for the following reasons.

First, to the extent that Petitioner seeks any relief based on the IJ's failure to provide him with a bond hearing that comported with due process, Petitioner's Motion to Enforce is denied because the Court finds, after reviewing the transcript of the bond hearing, that the bond hearing was fundamentally fair, and thus, comported with due process, and did not violate Petitioner's Fifth Amendment due process rights.[2]

Second, to the extent Petitioner seeks immediate release based on the argument raised in his initial habeas petition, that Respondents' conduct with respect to Petitioner violated his Fifth Amendment due process rights, this request is denied as said argument is not properly brought in

---

[2] The United States Court of Appeals for the Third Circuit has explained that the requirements of a fundamentally fair hearing are that the petitioner: "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (quoting *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005)).  *See also Loaiza Fallu v. Oddo*, Civ. No. 3:26-15, 2026 WL 1906651, at *2 (W.D. Pa. July 2, 2026) (Conti, J.) (explaining: "This court's review of the bond hearing is limited to considering whether the hearing was fundamentally fair under *Ghanem*").

a motion to enforce.  Rather, it is properly addressed, if at all, as part of a motion brought pursuant to Federal Rule of Civil Procedure ("Rule") 60(b), which Petitioner has also filed and will be addressed in due course.

Third, with respect to Petitioner's lack of medical treatment claim related to a mouth/throat infection, the Court finds that Petitioner is not entitled to relief in the form of an immediate hearing and release based on a lack of medical care because Petitioner has not set forth factual allegations sufficient to establish that Respondents knew of, and disregarded, an excessive risk to Petitioner's health and safety, and thus, Petitioner has not established any deliberate indifference on the part of Respondents with respect to a serious medical need of Petitioner which rises to the level of a constitutional claim which can be addressed in habeas or entitlement to a hearing on the issue.  *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 329 (3d Cir. 2020) (citing *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000) (explaining: "To establish deliberate indifference [to a serious medical need], Petitioners must show the Government knew of *and disregarded* an excessive risk to their health and safety.") (emphasis in original).

Fourth, because the Court of Appeals for the Third Circuit has yet to address what are the rights of a noncitizen similarly situated to Petitioner who has been detained by Respondents, Respondents' position with respect to Petitioner's habeas petition was substantially justified. Accordingly, the Court again finds that attorney's fees shall not be awarded to Petitioner pursuant to the EAJA.

### B.  Petitioner's Rule 60(b) Motion is Granted

In Petitioner's Rule 60(b) Motion, Petitioner requests that the Court adjudicate all constitutional claims raised in Petitioner's habeas petition (Doc. 2), which this Court did not

address when it originally granted Petitioner's habeas petition and ordered an individualized bond hearing be held with respect to Petitioner's detention, as required by 8 U.S.C. § 1226(a) ("Section 1226(a)"), since Petitioner's detention is governed by Section 1226(a), and not, as argued by Respondents, 8 U.S.C. § 1225(b).  (Doc. 21 at 1).

In Count II of Petitioner's habeas petition, Petitioner claims: "Because Petitioner's detention is imposed without constitutionally sufficient procedures, it violates the Due Process Clause. All three *Mathews* factors weigh heavily in support of Petitioner. For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth Amendment. Accordingly, Petitioner should either be released or granted a bond hearing."  (Doc. 2 at 13-14).  *See also* (*id.* at 11) (positing: "It is Petitioner's position that his detention violates the Due Process Clause because the original release of Petitioner created a protected liberty interest and an "implicit promise" that he will not be re-detained unless he failed to live up to his conditions of release. *Morrisey v. Brewer,* 408 U.S. 471, 482, 92.").

In Petitioner's reply to Respondents' Response to Petitioner's Rule 60(b) Motion, Petitioner further explains that his Rule 60(b) motion is brought pursuant to Rule 60(b)(5) and Rule 60(b)(6).  (Doc. 26 at 1).

Respondents oppose Petitioner's Rule 60(b) Motion, contending primarily that "Petitioner's claims are not so extraordinary as to warrant Rule 60(b)(6) relief."  (Doc. 25 at 3).

Federal Rule of Civil Procedure 60(b) states in pertinent part:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

. . .

9

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(5), 60(b)(6).

When the Court issued its April 30, 2026 Memorandum Order with respect to Petitioner's habeas petition and ordered Petitioner be provided a bond hearing that comported with due process, it purposefully did not address Petitioner's Fifth Amendment due process claim because if the IJ granted Petitioner's release on bond, then it would not be necessary to address Petitioner's constitutional claim.

The Court finds that its decision not to adjudicate Petitioner's Fifth Amendment due process claim when it originally adjudicated Petitioner's habeas petition does not implicate Rule 60(b)(5), but is an extraordinary circumstance such that relief pursuant to Federal Rule of Civil Procedure 60(b)(6) is justified.

Accordingly, the Court GRANTS Petitioner's Rule 60(b) Motion and forthwith will adjudicate Petitioner's Count Two Fifth Amendment due process claim and issue an Amended Judgment Order.

Turning to the merits of Petitioner's claim that Respondents violated his due process rights under the Fifth Amendment, as detailed above, and that the proper remedy is Petitioner's release from custody or a bond hearing,[3] as explained by the Court in *C.B. v. Oddo*, Civ. No. 3:25-00263, 2025 WL 2977870 (W.D. Pa. Oct. 22, 2025) (Brown, M.J.):

---

[3] Specifically, in his habeas petition, Petitioner requests as relief: "Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately, or in the alternative, schedule a bond hearing governed by INA 8 U.S.C. § 1226(a) before an immigration judge and, at such hearing, afford Petitioner the opportunity to file evidence showing that he does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight. *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006)." (Doc. 2 at 14). (*See also id.* at 13) (positing that the remedy for violating Petitioner's due process rights under the Fifth Amendment is that the Court "should grant the writ of habeas corpus and order Petitioner's immediate release. In the alternative, this Court

10

> The Due Process Clause of the Fifth Amendment to the United States Constitution provides: "No person shall be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. It is settled law that the Due Process clause applies to noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. "Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty [the Due Process] Clause protects." Id. at 690.

*C.B.,* 2025 WL 2977870, at *5.

Thus, once "the court determines that 'the interest asserted is protected by the Due Process Clause, the question then becomes what process is due to protect it'." *Montanez v. Sec. Pennsylvania Dept. of Corrections*, 773 F.3d 472, 482 (3d Cir. 2014) (quoting *Newman v. Beard*, 617 F.3d 775, 783 (3d Cir. 2010)).

Notably: "(D)ue process, 'unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances'." *Cafeteria and Rest. Workers Union, Loc. 473, AFL-CIO v. McElroy*, 367 U.S. 886, 895 (1961) (citation omitted). "'[D]ue process is flexible,' we have stressed repeatedly, and it 'calls for such procedural protections as the particular situation demands'." *Jennings v. Rodriguez*, 583 U.S. 281, 314 (2018) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).

In *Mathews v. Eldridge*, 424 U.S. 319 (1976), the United States Supreme Court cited to its statements in the C*afeteria and Rest. Workers Union, Loc. 473, AFL-CIO,* and *Jennings* decisions*, supra.,* and then concluded:

> Accordingly, resolution of the issue whether the administrative procedures provided here are constitutionally sufficient requires analysis of the governmental and private interests that are affected. More precisely, our prior decisions indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or

---

should order a bond hearing under 8 U.S.C. § 1226(a) at which the Petitioner will demonstrate that he is neither a flight risk, nor a danger to the community.").

11

substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 334. *See also Schlager v. Wetzel*, Civ. No. 22-557, 2024 WL 1054922, at *5 (W.D. Pa. Jan. 8, 2024), report and recommendation adopted, 2024 WL 749568 (W.D. Pa. Feb. 20, 2024), reconsideration denied, 2024 WL 1095808 (W.D. Pa. Mar. 13, 2024), and aff'd, No. 24-1900, 2024 WL 4763052 (3d Cir. Oct. 9, 2024) (explaining: "[The analysis of the process due is conducted by weighing the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976))").

Petitioner asserts in his habeas petition, and Respondents do not dispute, that Petitioner attempted to illegally enter the United States as a minor (age 16), in 2023, was immediately detained, and then released to the custody of his brother, who resided in Maryland.  (Doc. 2 at 5).

Further, the I-213 Form completed by the Immigration Officer on March 20, 2026, when Petitioner and others were detained by ICE during a traffic stop in West Virginia, explained: "The fact that the subject (sic.) did not have any documentation to verify their identity and the fact that they were believed to be coming from out of state to work having no permanent ties or equities to the area, they were deemed an escape risk likely to escape prior to a warrant being issued.  The subjects were taken into ICE custody."  (Doc. 2-12 at 2).

Applying the *Mathews* query to the unique facts of this case, as to "the private interest that will be affected by the official action," the Court finds that Petitioner's private interest in remaining free from re-detention is strong.

As to "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," the Court finds that because Petitioner has been provided with a constitutionally sufficient bond hearing with

respect to Petitioner's re-detention, a hearing where Petitioner had notice and the opportunity to be heard concerning his detention, there is no current "risk of an erroneous deprivation of [Petitioner's interest in remaining free from re-detention] through the procedures used," nor need for additional or substitute procedural safeguards.

Similarly, as to "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," the Court finds that the government has a strong interest in the enforcement of its immigration laws, and that this interest is not outweighed by Petitioner's strong interest in remaining free from re-detention given that Petitioner has been provided with a constitutionally sufficient bond hearing with respect to his re-detention, where Petitioner had notice and the opportunity to be heard.

Ultimately, having weighed the *Mathews* factors, the Court finds that Petitioner has received the due process to which he is due related to Respondents' re-detention of Petitioner and the Court will not order Petitioner's release from custody at this time.

### C. Petitioner's Motion Requesting Ruling on Pending Motions is Denied as Moot

In light of the Court's above-stated rulings, Petitioner's Motion Requesting Ruling on Pending Motions (Doc. 39) is DENIED as MOOT.

### III. CONCLUSION

For the reasons set forth above, Petitioner's Emergency Motion for Issuance of Order to Show Cause/Motion to Enforce (Doc. 12) is DENIED.

For the reasons set forth above, Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b) and to Adjudicate Unresolved Constitutional Claims (Doc. 21) is GRANTED, and an

Amended Rule 58 Judgment Order consistent with this Court's April 30, Memorandum Order, as supplemented by this Memorandum Order, will be issued forthwith.

For the reason set forth above, Petitioner's Motion Requesting Ruling on Pending Motions Doc. 39) is DENIED as MOOT.

SO ORDERED this 13th day of August, 2026,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  ECF Counsel of Record

14